1
2
3
4
5
6
7

Fred W. Schwinn (SBN 225575)
Raeon R. Roulston (SBN 255622)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California  95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorneys for Plaintiff
LARRY DEAN DAVIS

8
9
10

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

11
12
13
14
15
16
17
18
19

| | |
|---|---|
| LARRY DEAN DAVIS,<br><br>                    Plaintiff,<br><br>     v.<br><br>MIDLAND FUNDING, LLC, a Delaware limited liability company; MIDLAND CREDIT MANAGEMENT, INC., a Kansas corporation; THE BRACHFELD LAW GROUP, A PROFESSIONAL CORPORATION, a California corporation; and ERICA LYNN BRACHFELD, individually and in her official capacity;<br><br>                    Defendants. | Case No. _____<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>15 United States Code § 1692 *et seq.*<br>California Civil Code § 1788 *et seq.*<br>Malicious Prosecution |

20
21
22

Plaintiff, LARRY DEAN DAVIS, based on information and belief and investigation of counsel,

except for those allegations which pertain to the named Plaintiff or his attorneys (which are alleged on

personal knowledge), hereby makes the following allegations:

23
24

**I.  INTRODUCTION**

25
26
27
28

1.    Defendants wrongfully sued Plaintiff in a collection action, when Defendants

apparently should have sued someone else with a similar name.  On several occasions, both before the

lawsuit against Plaintiff was filed and after, Plaintiff telephoned the Defendants herein and provided

detailed and substantial personal information to Defendants demonstrating that Defendants were attempting to collect a debt from and sued the wrong person.  Defendants, nonetheless, continued to maintain the collection actions against Plaintiff.  Moreover, after being subsequently informed on several occasions that Defendants had sued the wrong person, Defendants continued to maintain the collection actions against Plaintiff.

2. Thus, Defendants' collection actions were nothing more than materially false and misleading attempts to collect a nonexistent debt that was never incurred or lawfully owed by Plaintiff.  Furthermore, Defendants continued their collection efforts against Plaintiff long after Defendants had actual knowledge that the debt being collected was not lawfully owed by Plaintiff.

3. As a direct and foreseeable result of Defendants' actions, Plaintiff suffered actual damages in the form of attorney fees and costs that he necessarily incurred to defend against Defendants' unlawful collection attempts.

4. Defendants herein engaged in an intentional business plan and practice of filing collection lawsuits against California consumers that were nothing more than materially false and misleading attempts to collect consumer debts.  In fact, Defendants were put on notice several times in the months before and after the filing of their collection lawsuit against Plaintiff herein that their collection efforts were directed at the wrong person.

5. This is an action for actual damages, statutory damages, punitive damages, attorney fees and costs brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA"), which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

6. According to 15 U.S.C. § 1692:

a. There is abundant evidence of the use of abusive, deceptive, and unfair debt

collection practices by many debt collectors.  Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

  b. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

  c. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

  d. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce.  Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

  e. It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

  7. Plaintiff also seeks actual damages, statutory damages, statutory penalties, attorney fees and costs for Defendants' violations of the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, *et seq*. (hereinafter "RFDCPA") which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

  8. The California Legislature has found that:

> The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts.  Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.[1]

---

[1] Cal. Civil Code § 1788.1(a)(1).

9.    Plaintiff further seeks actual damages and punitive damages for Defendants' bad faith, frivolous filing and malicious prosecution of the collection actions against him.

## II.  JURISDICTION

10.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

11.    This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

## III.  VENUE

12.    Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

## IV.  INTRADISTRICT ASSIGNMENT

13.    This lawsuit should be assigned to the Sacramento Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Placer County.

## V.  PARTIES

14.    Plaintiff, LARRY DEAN DAVIS ("Plaintiff"), is a natural person residing in Placer County, California.  Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).  Plaintiff has standing to bring this action because Defendants claimed that Plaintiff was obligated to pay a nonexistent debt, and Defendants attempted to collect that nonexistent debt from Plaintiff by filing and maintaining a sham lawsuit

against him.

15.     Defendant, MIDLAND FUNDING, LLC ("MIDLAND FUNDING"), is a Delaware limited liability company engaged in the business of collecting defaulted consumer debts in this state with its principal place of business located at: 8875 Aero Drive, Suite 200, San Diego, California 92123.  MIDLAND FUNDING may be served as follows: Midland Funding, LLC, c/o Corporation Service Company, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833. The principal business of MIDLAND FUNDING is the collection of defaulted consumer debts using the mails and telephone and MIDLAND FUNDING regularly attempts to collect defaulted consumer debts alleged to be originally due another.  MIDLAND FUNDING is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).  MIDLAND FUNDING is vicariously liable to Plaintiff for the acts of MIDLAND CREDIT MANAGEMENT, INC., THE BRACHFELD LAW GROUP, A PROFESSIONAL CORPORATION, and ERICA LYNN BRACHFELD.[2]

16.     Defendant, MIDLAND CREDIT MANAGEMENT, INC. (hereinafter "MCM"), is a Kansas corporation engaged in the business of collecting defaulted consumer debts in this state with its principal place of business located at:  8875 Aero Drive, Suite 200, San Diego, California 92123. MCM may be served as follows: Midland Credit Management, Inc., c/o Corporation Service Company, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833.  The principal business of MCM is the collection of defaulted consumer debts using the mails and telephone, and MCM regularly attempts to collect defaulted consumer debts alleged to be due another.  MCM is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).  MCM is vicariously

_____

[2]  See, *Fox v. Citicorp Credit Servs.*, 15 F.3d 1507, 1516 (9th Cir. 1994) ("[W]e must conclude that Congress intended the actions of an attorney to be imputed to the client on whose behalf they are taken") and *Martinez v. Albuquerque Collection Servs.*, 867 F. Supp. 1495, 1502 (D. N.M. 1994) ("Debt collectors employing attorneys or other agents to carry out debt collection practices that violate the FDCPA are vicariously liable for their agent's conduct").

liable to Plaintiff for the acts of THE BRACHFELD LAW GROUP, A PROFESSIONAL CORPORATION, and ERICA LYNN BRACHFELD.[3]

17.     Defendant, THE BRACHFELD LAW GROUP, A PROFESSIONAL CORPORATION (hereinafter "BRACHFELD LAW GROUP"), is a California corporation engaged in the business of collecting defaulted consumer debts in this state with its principal place of business located at: 880 Apollo Street, Suite 155, El Segundo, California 90245.  BRACHFELD LAW GROUP may be served at the address of its Agent for Service of Process at: The Brachfeld Law Group, APC, c/o Corporation Service Company, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 90245. The principal business of BRACHFELD LAW GROUP is the collection of defaulted consumer debts using the mails and telephone and BRACHFELD LAW GROUP regularly attempts to collect defaulted consumer debts alleged to be due another.  BRACHFELD LAW GROUP is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

18.     Defendant, ERICA LYNN BRACHFELD (hereinafter "BRACHFELD"), is a natural person and licensed attorney in the state of California and is or was an employee and/or agent of BRACHFELD LAW GROUP at all relevant times.   BRACHFELD may be served at her current business address at:  Erica Lynn Brachfeld, The Brachfeld Law Group, APC, 880 Apollo Street, Suite 155, El Segundo, California 90245.  The principal purpose of BRACHFELD's business is the collection of defaulted consumer debts due or alleged to be due another.  BRACHFELD is regularly engaged in the business of collecting defaulted consumer debts by filing and maintaining numerous civil debt collection lawsuits on behalf of others and obtaining judgments in those lawsuits by utilizing the U.S. Mail, telephone and internet. BRACHFELD is a "debt collector" within the meaning of 15 U.S.C. §

---

[3]  See, *Fox v. Citicorp Credit Servs.*, 15 F.3d 1507, 1516 (9th Cir. 1994) ("[W]e must conclude that Congress intended the actions of an attorney to be imputed to the client on whose behalf they are taken") and *Martinez v. Albuquerque Collection Servs.*, 867 F. Supp. 1495, 1502 (D. N.M. 1994) ("Debt collectors employing attorneys or other agents to carry out debt collection practices that violate the FDCPA are vicariously liable for their agent's conduct").

1692a(6).

19.     At all times herein mentioned, each of the Defendants was an officer, director, agent, servant, employee and/or joint venturer of his co-defendants, and each of them, and at all said times, each Defendant was acting in the full course and scope of said office, directorship, agency, service, employment and/or joint venture.  Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

## VI.  FACTUAL ALLEGATIONS

20.     Plaintiff is informed and believes, and thereon alleges that on a date or dates unknown to Plaintiff, an unrelated third-party with the name "Larry D. Davis" and an address in Plano, Texas, is alleged to have incurred a financial obligation, namely a consumer credit account issued by CitiFinancial, Inc. (hereinafter "the alleged debt").   Plaintiff is informed and believes, and thereon alleges that, the alleged debt was incurred by "Larry D. Davis" primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

21.     Plaintiff is informed and believes, and thereon alleges, that sometime after "Larry D. Davis" defaulted on his payments, the alleged debt was sold, assigned or otherwise transferred to MIDLAND FUNDING for collection.

22.     On or about September 21, 2010, Plaintiff received a telephone call from MCM attempting to collect the defaulted consumer debt owed by "Larry D. Davis."  Plaintiff informed MCM that he had no unpaid debts and that MCM was attempting to collect the alleged debt from the wrong "Larry D. Davis."   During this telephone call, Plaintiff provided MCM with the last two digits of his Social Security number and was informed by MCM's representative that the numbers provided did not match the Social Security number on the account being collected and that MCM would investigate the

matter further.

23.    Thereafter, on or about March 19, 2011, Defendants sent a collection letter to Plaintiff in an attempt to collect the alleged debt.

24.    A true and accurate copy of the collection letter from Defendants to Plaintiff is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

25.    Thereafter, Plaintiff received a collection letter from Quest Diagnostics for a medical debt owed by a "Larry D. Davis" in Plano, Texas.  Plaintiff telephoned the medical office listed on the collection letter and explained that they were attempting to collect from the wrong "Larry D. Davis."  Plaintiff was then given the mailing address and telephone number of the correct "Larry Davis" who lived in Plano, Texas.

26.    Thereafter, on or about June 7, 2011, Plaintiff telephoned BRACHFELD LAW GROUP and spoke to a representative named "Stephanie."  Plaintiff provided "Stephanie" with the account information from the March 19, 2011, collection letter (Exhibit "1") and informed Defendants that they were attempting to collect the alleged debt from the wrong "Larry D. Davis."  During this telephone call Plaintiff also provided Defendants with the mailing address and telephone number of the the correct "Larry D. Davis" in Plano, Texas.

27.    On or about July 15, 2011, Defendants sent another collection letter to Plaintiff in an attempt to collect the alleged debt.

28.    A true and accurate copy of the July 15, 2011, collection letter from Defendants to Plaintiff is attached hereto, marked Exhibit "2," and by this reference is incorporated herein.

29.    On or about October 7, 2011, Defendants sent another collection letter to Plaintiff in an attempt to collect the alleged debt.

30.    A true and accurate copy of the October 7, 2011, collection letter from Defendants

to Plaintiff is attached hereto, marked Exhibit "3," and by this reference is incorporated herein.

31.   Thereafter, on or about October 16, 2011, Plaintiff mailed a copy of the October 7, 2011, collection letter (Exhibit "3") to BRACHFELD LAW GROUP with a request that Defendants provide Plaintiff with a copy of the credit application for the alleged debt with the signature of "Larry D. Davis."

32.   On or about October 4, 2011, Defendants filed a lawsuit against Plaintiff in the Superior Court of California, Placer County captioned *Midland Funding, LLC v. Larry Davis, et al.*, Case No. MCV0052495 which sought to collect $3,699.09 in damages and interest at the rate of 10% from October 30, 2009 (hereinafter the "state court action").

33.   Plaintiff is informed and believes, and thereon alleges, that the Complaint in the state court action was drafted and signed by BRACHFELD on behalf of BRACHFELD LAW GROUP and MIDLAND FUNDING.  A true and accurate copy of the Complaint filed by Defendants in the state court action is attached hereto, marked Exhibit "4," and by this reference is incorporated herein.

34.   The Complaint filed by Defendants in the state court action (Exhibit "4") falsely stated that: "Plaintiff (name): MIDLAND FUNDING LLC alleges that defendant (name): LARRY DAVIS became indebted to other (name): CITIBANK Plaintiff [sic] predecessor in interest within the last four years on an open book account for money due."

35.   At no time has Plaintiff had an open book account with MIDLAND FUNDING or CITIBANK, nor has Plaintiff ever owed an unpaid debt to MIDLAND FUNDING or CITIBANK.

36.   The Complaint filed by Defendants in the state court action (Exhibit "4") falsely stated that: "Plaintiff (name): MIDLAND FUNDING LLC alleges that defendant (name): LARRY DAVIS became indebted to other (name): CITIBANK Plaintiff [sic] predecessor in interest within the last four years because an account was stated in writing between plaintiff and defendant in which it was

agreed that defendant was indebted to plaintiff."

37.   At no time was an account stated in writing between Plaintiff and MIDLAND FUNDING or CITIBANK, nor has Plaintiff ever agreed that he was indebted to MIDLAND FUNDING or CITIBANK.

38.   The Complaint filed by Defendants in the state court action (Exhibit "4") falsely stated that: "Plaintiff (name): MIDLAND FUNDING LLC alleges that defendant (name): LARRY DAVIS became indebted to other (name): CITIBANK Plaintiff [sic] predecessor in interest within the last four years for goods, wares, and merchandise sold and delivered to defendant and for which defendant promised to pay plaintiff pr plaintiff's assignor the sum of $3,699.09."

39.   At no time did MIDLAND FUNDING or CITIBANK sell or deliver goods, wares or merchandise to Plaintiff for which Plaintiff agreed to pay MIDLAND FUNDING or CITIBANK.

40.   The Complaint filed by Defendants in the state court action (Exhibit "4") falsely stated that: "Plaintiff (name): MIDLAND FUNDING LLC alleges that defendant (name): LARRY DAVIS became indebted to other (name): CITIBANK Plaintiff [sic] predecessor in interest within the last four years for money lent by plaintiff, or plaintiff's assignor, to defendant at defendant's request."

41.   At no time did MIDLAND FUNDING or CITIBANK lend Plaintiff money at Plaintiff's request.

42.   The Complaint filed by Defendants in the state court action (Exhibit "4") falsely stated that: "Plaintiff (name): MIDLAND FUNDING LLC alleges that defendant (name): LARRY DAVIS became indebted to other (name): CITIBANK Plaintiff [sic] predecessor in interest within the last four years for money paid, laid out, and expended to or for defendant at defendant's special instance and request.

43.   At no time did MIDLAND FUNDING or CITIBANK pay, lay out, or expend

money for Plaintiff at Plaintiff's special instance or request.

44.   The Complaint filed by Defendants in the state court action (Exhibit "4") falsely stated that: "Plaintiff (name): MIDLAND FUNDING LLC alleges that defendant (name): LARRY DAVIS became indebted to other (name): CITIBANK Plaintiff [sic] predecessor in interest within the last four years other (*specify*): By the terms of the said agreement(s), Plaintiff or Plaintiff's assignor, provided defendants, and each of them, with services rendered and/or goods, wares, and merchandise and/or extension of credit at defendant's special instance and request and in consideration thereof defendants promised to provide payment in the sum of $3,699.09 and interest thereon which defendants and each of them failed to provide."

45.   At no time did MIDLAND FUNDING or CITIBANK provide Plaintiff with services rendered or goods, wares, or merchandise or extend credit at Plaintiff's special instance or request no did Plaintiff promise to pay MIDLAND FUNDING or CITIBANK the sum of $3,699.09 or interest thereon.

46.   The Complaint filed by Defendants in the state court action (Exhibit "4") bears the electronic signature of Defendant, BRACHFELD.

47.   The Complaint filed by Defendants in the state court action (Exhibit "4") represented or implied that Plaintiff's account had been professionally reviewed by Defendant, BRACHFELD.

48.   Plaintiff is informed and believes, and thereon alleges, that BRACHFELD did not conduct a professional review of Plaintiff's account before drafting and filing the Complaint in the state court action (Exhibit "4") and sending it to the Plaintiff.[4]

49.   Plaintiff is informed and believes, and thereon alleges, that the Complaint filed by

---

[4]  *See Clomon v. Jackson*, 988 F.2d 1314 (2nd Cir. 1993) and *Avila v. Rubin*, 84 F.3d 222, 228-29 (7th Cir. 1996).

Defendants in the state court action (Exhibit "4") misrepresented the role and involvement of legal counsel.

50.     Plaintiff is informed and believes, and thereon alleges, that the Complaint filed by Defendants in the state court action (Exhibit "4") misrepresented the true source or nature of the communication thereby making false statements in an attempt to collect a debt.

51.     Plaintiff is informed and believes, and thereon alleges, that Defendants made and used false statements and misrepresentations in the Complaint filed in the state court action (Exhibit "4") in an attempt to collect a nonexistent debt from Plaintiff.

52.     Plaintiff is informed and believes, and thereon alleges, that Defendants misrepresented that a debt was lawfully incurred by Plaintiff in the the Complaint filed in the state court action (Exhibit "4").

53.     Plaintiff is informed and believes, and thereon alleges, that the Complaint filed in the state court action (Exhibit "4") misrepresented the character and legal status of a nonexistent debt that Defendants attempted to collect from Plaintiff.

54.     Plaintiff is informed and believes, and thereon alleges, that the Complaint filed in the state court action (Exhibit "4") misrepresented the compensation which may be lawfully received by Defendants for the collection of a nonexistent debt from Plaintiff.

55.     Plaintiff is informed and believes, and thereon alleges, that by drafting, filing, serving, and prosecuting the Complaint filed in the state court action (Exhibit "4"), Defendants attempted to collect a nonexistent debt from Plaintiff, an action that could not be lawfully taken.

56.     Plaintiff is informed and believes, and thereon alleges, that the Complaint filed in the state court action (Exhibit "4") attempted to collect interest, fees or other charges from Plaintiff that were not permitted by law.

57.     On or about October 20, 2011, Defendants served copies of the Complaint filed in the state court action (Exhibit "4") on Plaintiff's wife.

58.     Thereafter, on or about October 20, 2011, Plaintiff contacted Defendants by telephone and informed Defendants that Plaintiff never had an account with CITIBANK, that Plaintiff had no outstanding or unpaid credit card accounts, and that Defendants were suing the wrong person. Thereafter, Defendants had actual knowledge that they had sued the wrong person.

59.     Prior to receiving the Complaint filed by Defendants in the state court action (Exhibit "4"), Plaintiff had never been sued before and had no familiarity with court procedure, so Plaintiff telephoned the Clerk's Office of the Placer County Superior Court and spoke to a court clerk. Plaintiff asked the court clerk for the date on which he should appear in court to tell the Judge that he was the wrong "Larry D. Davis," and the court clerk told him that there was no court date set yet and that he would be notified when a court date was set.

60.     When Plaintiff received no further communication from the Court or from Defendants, Plaintiff assumed that Defendants had realized that Plaintiff was not the proper party in the state court action and that the state court action had been dismissed.

61.     Despite being notified by Plaintiff that they were suing the wrong person, Defendants maliciously continued to pursue the state court complaint against Plaintiff.

62.     On or about November 6, 2012, Defendants sent a collection letter and a Request for Entry of Default and Court Judgment to Plaintiff in an attempt to collect the alleged debt.

63.     A true and accurate copy of the collection letter and a Request for Entry of Default and Court Judgment from Defendants to Plaintiff is attached hereto, marked Exhibit "5," and by this reference is incorporated herein.

64.     The Request for Entry of Default and Court Judgment (Exhibit "5") bears the

electronic signature of Defendant, BRACHFELD.

65.   The Request for Entry of Default and Court Judgment (Exhibit "5")  represented or implied that Plaintiff's account had been professionally reviewed by Defendant, BRACHFELD.

66.   Plaintiff is informed and believes, and thereon alleges, that BRACHFELD did not conduct a professional review of Plaintiff's account before drafting and filing the Request for Entry of Default and Court Judgment (Exhibit "5") and sending it to the Plaintiff.[5]

67.   Plaintiff is informed and believes, and thereon alleges, that the Request for Entry of Default and Court Judgment (Exhibit "5") misrepresented the role and involvement of legal counsel.

68.   Plaintiff is informed and believes, and thereon alleges, that the Request for Entry of Default and Court Judgment (Exhibit "5") misrepresented the true source or nature of the communication thereby making false statements in an attempt to collect a debt.

69.   After receiving the November 6, 2012, collection letter and Request for Entry of Default and Court Judgment (Exhibit "5"), Plaintiff again telephoned BRACHFELD LAW GROUP and again told the representative who answered the call that Defendants had sued the wrong "Larry Davis."

70.   Despite being notified yet again that they were suing the wrong person, Defendants continued to pursue the state court action against Plaintiff.

71.   On or about November 14, 2012, Defendants filed a document titled Declaration in Support of Application for Entry of Judgment Pursuant to CCP § 585(d) in the state court collection action.

72.   A true and accurate copy of the Declaration in Support of Application for Entry of Judgment Pursuant to CCP § 585(d) filed by Defendants on November 14, 2012, in the state court action is attached hereto, marked Exhibit "6," and by this reference is incorporated herein.

---

[5]  *See Clomon v. Jackson*, 988 F.2d 1314 (2nd Cir. 1993) and *Avila v. Rubin*, 84 F.3d 222, 228-29 (7th Cir. 1996).

73.   Plaintiff is informed and believes, and thereon alleges, that the Declaration in Support of Application for Entry of Judgment Pursuant to CCP § 585(d) (Exhibit "6") was drafted by BRACHFELD, approved and ratified by BRACHFELD LAW GROUP and MIDLAND FUNDING, and signed by MCM on behalf of MIDLAND FUNDING.

74.   On or about November 19, 2012, the Superior Court of California in Placer County entered a Judgment by default in the amount of $5,067.91 against Plaintiff in the state court action at Defendants' request.

75.   On or about December 6, 2012, Defendants sent a collection letter and a Notice of Entry of Judgment or Order to Plaintiff in an attempt to collect the alleged debt.

76.    A true and accurate copy of the collection letter and a Notice of Entry of Judgment or Order from Defendants to Plaintiff is attached hereto, marked Exhibit "7," and by this reference is incorporated herein.

77.   The December 6, 2012, collection letter (Exhibit "7") stated in relevant part as follows:

> We represent CITIFINANCIAL, the owner of the enclosed judgment. Our office has been retained to commence enforcement proceedings against you.  The enforcement procedures can include, but are not limited to, garnishment proceedings, bank levies, filing of an abstract with the County Recorder, and subpoenaing you for a debtor's exam. If you would like to voluntarily pay this judgment, or discuss potential payment arrangements please contact this office immediately.
>
> If you want to resolve this matter, please pay either the Total Amount Due or call our Law Firm at 888-856-2120 and work out arrangements for payment.  If you do neither of these things, we will proceed with one or more of the remedies described above.

78.   Plaintiff is informed and believes, and thereon alleges, that the December 6, 2012, collection letter (Exhibit "7") falsely represented that BRACHFELD LAW GROUP "represented CitiFinancial."

79.   The Notice of Entry of Judgment or Order (Exhibit "7") bears the electronic

signature of Defendant, BRACHFELD.

80.     The <u>Notice of Entry of Judgment or Order</u> (Exhibit "7")  represented or implied that Plaintiff's account had been professionally reviewed by Defendant, BRACHFELD.

81.     Plaintiff is informed and believes, and thereon alleges, that BRACHFELD did not conduct a professional review of Plaintiff's account before drafting and filing the <u>Notice of Entry of Judgment or Order</u> (Exhibit "7") and sending it to Plaintiff.[6]

82.     Plaintiff is informed and believes, and thereon alleges, that the <u>Notice of Entry of Judgment or Order</u> (Exhibit "7") misrepresented the role and involvement of legal counsel.

83.     Plaintiff is informed and believes, and thereon alleges, that the <u>Notice of Entry of Judgment or Order</u> (Exhibit "7") misrepresented the true source or nature of the communication thereby making false statements in an attempt to collect a debt.

84.     Upon receipt of Defendants' December 6, 2012, collection letter and <u>Notice of Entry of Judgment or Order</u> (Exhibit "7") it became clear to Plaintiff that Defendants had refused to dismiss the state court action and would instead continue to pursue him to collect a debt that he did not owe.

85.     Thereafter, on or about January 25, 2013, Plaintiff was required to retain legal counsel at his own expense, thereby incurring actual damages in the form of attorney fees and costs.[7]

86.     On March 5, 2013, the Entry of Default entered on November 14, 2012, and the Judgment by default entered on November 19, 2012, against Plaintiff in the state court action were vacated by stipulation.

---

[6]  *See Clomon v. Jackson*, 988 F.2d 1314 (2nd Cir. 1993) and *Avila v. Rubin*, 84 F.3d 222, 228-29 (7th Cir. 1996).

[7]  See, *Owens v. Howe*, 365 F. Supp. 2d 942, 948 (N.D. Ind. 2005) (the attorney fees and cost incurred defending a state court lawsuit are properly awarded as actual damages under 15 U.S.C. § 1692k(a)(1), and not under 15 U.S.C. § 1692k(a)(3)); *Lowe v. Elite Recovery Solutions L.P.*, 2008 U.S. Dist. LEXIS 8353, at *9 (E.D. Cal. Feb. 4, 2008) (awarding attorney fees court costs incurred defending state court action as actual damages under 15 U.S.C. § 1692k).

87.     Thereafter, on March 18, 2013, the state court action was dismissed without prejudice at Defendants' request.

88.     These facts show that Defendants filed and continued to prosecute the state court collection action against Plaintiff – the wrong "Larry D. Davis" – for 5 months after they had been repeatedly notified, before and after the filing of the state court action, that Plaintiff did not lawfully owe the debt being collected.

89.     As a result of Defendants' abusive debt collection practices, Plaintiff has incurred actual damages in an amount to be determined at trial.

## VII.  CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT

90.     Plaintiff brings the first claim for relief against Defendants under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*

91.     Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

92.     Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

93.     Defendant, MIDLAND FUNDING, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

94.     Defendant, MCM, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

95.     Defendant, BRACHFELD LAW GROUP, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

96.     Defendant, BRACHFELD, is a "debt collector" as that term is defined by the

FDCPA, 15 U.S.C. § 1692a(6).

97.   The financial obligation alleged to be owed by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).  Moreover, Defendants filed a lawsuit against Plaintiff in an attempt to collect a nonexistent debt.[8]

98.   Defendants have violated the FDCPA.  The violations include, but are not limited to, the following:

a.   Defendants engaged in conduct, the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of an alleged debt, in violation of 15 U.S.C. § 1692d;

b.   Defendants made and used false, deceptive and misleading representations in an attempt to collect a nonexistent debt from Plaintiff, in violation of 15 U.S.C. §§ 1692e and 1692e(10);

c.   Defendants misrepresented the character or legal status of a nonexistent debt, in violation of 15 U.S.C. § 1692e(2)(A);

d.   Defendants misrepresented the compensation which may be lawfully received by Defendants for the collection of a nonexistent debt, in violation of 15 U.S.C. § 1692e(2)(B);

e.   Defendants misrepresented that MIDLAND was lawfully entitled to collect a nonexistent debt from Plaintiff, in violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10);

f.   Defendants attempted to collect a nonexistent debt from Plaintiff, an action that cannot lawfully be taken, in violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10);

g.   Defendants engaged in an unfair and unconscionable practices in an attempt

[8]  See, *Heathman v. Portfolio Recovery Assocs., LLC*, 2013 U.S. Dist. LEXIS 27057, *15-16 (S.D. Cal. Feb. 27, 2013).

to collect a nonexistent debt, in violation of 15 U.S.C. § 1692f; and

       h.   Defendants attempted to collect interest, fees or other charges from Plaintiff that were not permitted by law, in violation of 15 U.S.C. § 1692f(1).

      99.   Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay a nonexistent debt.

      100.   As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

      101.   Plaintiff brings the second claim for relief against all Defendants, except BRACHFELD, under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

      102.   Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

      103.   Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

      104.   Defendant, MIDLAND FUNDING, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

      105.   Defendant, MCM, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

      106.   Defendant, BRACHFELD LAW GROUP, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

      107.   The financial obligation alleged to be owed by Plaintiff is a "consumer debt" as

that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).  Moreover, Defendants filed a lawsuit against Plaintiff in an attempt to collect a nonexistent debt.[9]

108.    Defendants have violated the RFDCPA.  The violations include, but are not limited to, the following:

a.    Defendants engaged in conduct, the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of an alleged debt, in violation of Cal. Civil Code § 1788.17;[10]

b.    Defendants made and used false, deceptive and misleading representations in an attempt to collect a nonexistent debt from Plaintiff, in violation of Cal. Civil Code § 1788.17;[11]

c.    Defendants misrepresented the character, amount or legal status of a nonexistent debt, in violation of Cal. Civil Code § 1788.17;[12]

d.    Defendants misrepresented the compensation which may be lawfully received by Defendants for the collection of a nonexistent debt, in violation of Cal. Civil Code §§ 1788.13(e), 1788.14(b) and 1788.17;[13]

e.    Defendants misrepresented that MIDLAND was lawfully entitled to collect a nonexistent debt from Plaintiff, in violation of Cal. Civil Code §§ 1788.13(l) and 1788.17;[14]

f.    Defendants attempted to collect a nonexistent debt from Plaintiff, an action that cannot lawfully be taken, in violation of Cal. Civil Code § 1788.17;[15]

---

[9]  See, *Heathman v. Portfolio Recovery Assocs., LLC*, 2013 U.S. Dist. LEXIS 27057, *15-16 (S.D. Cal. Feb. 27, 2013).
[10]  15 U.S.C. § 1692d.
[11]  15 U.S.C. §§ 1692e and 1692e(10).
[12]  15 U.S.C. § 1692e(2)(A).
[13]  15 U.S.C. § 1692e(2)(B).
[14]  15 U.S.C. §§ 1692e, 1692e(5), and 1692e(10).
[15]  15 U.S.C. §§ 1692e, 1692e(5), and 1692e(10).

g.   Defendants engaged in an unfair and unconscionable practices in an attempt to collect a nonexistent debt, in violation of Cal. Civil Code § 1788.17;[16] and

h.   Defendants attempted to collect interest, fees or other charges from Plaintiff that were not permitted by law, in violation of Cal. Civil Code §§ 1788.13(e), 1788.14(b) and 1788.17.[17]

109.   Defendants' acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay a nonexistent debt, within the meaning of Cal. Civil Code § 1788.30(b).

110.   As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of actual damages in an amount to be determined at trial, pursuant to Cal. Civil Code § 1788.30(a).

111.   As a result of Defendants' willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000) against each Defendant, pursuant to Cal. Civil Code § 1788.30(b).

112.   As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages in an amount not to exceed one thousand dollars ($1,000) against each Defendant, pursuant to Cal. Civil Code § 1788.17.[18]

113.   As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to Cal. Civil Code §§ 1788.30(c) and 1788.17.[19]

114.   Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA

---

[16] 15 U.S.C. § 1692f.
[17] 15 U.S.C. § 1692f(1).
[18] 15 U.S.C.§ 1692k(a)(2)(A).
[19] 15 U.S.C.§ 1692k(a)(3).

are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

## MALICIOUS PROSECUTION

115.    Plaintiff brings the third claim for relief against all Defendants for common law malicious prosecution.

116.    Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

117.    Defendants herein, prepared and filed a baseless, meritless lawsuit against Plaintiff.

118.    Defendants herein were all actively involved in bringing and/or maintenance of the wrongful underlying lawsuit.

119.    Defendants were on notice a lawsuit, based on the circumstances herein, was a "sham."

120.    No reasonable person in Defendants' above circumstances would have believed that there were reasonable grounds to bring, and/or maintain, the baseless lawsuit against Plaintiff.

121.    Defendants herein acted primarily for a purpose other than succeeding on the merits of the case, including to gain leverage to extort money in an attempt to collect a nonexistent debt from Plaintiff.

122.    Plaintiff incurred actual damages as a result of Defendants sham lawsuit in the form of attorney fees and costs incurred in his defense of the state court action.

123.    Defendants above acted with conscious disregard of the rights and safety of Plaintiff and reckless indifference regarding Plaintiff and the merits of their lawsuit.

124.    It was clearly foreseeable that Defendants' wrongful actions, conduct, and

inaction could cause harm and financial loss to Plaintiff.

## PUNITIVE DAMAGES

125.    Plaintiff is informed and believes, and thereon alleges that Defendants' conduct was fraudulent, malicious, reprehensible, despicable and oppressive and was intended to harm Plaintiff.

126.    Plaintiff is informed and believes, and thereon alleges that an officer, director or managing agent of the Defendants authorized, approved and ratified Defendants' wrongful and unlawful acts described herein.

127.    It is the pattern and practice, and intentional business plan of Defendants to ignore and disregard the rights of consumers such as Plaintiff.   This conduct has the natural consequence to annoy, harass, oppress and abuse.

128.    Defendants are liable for reasonable punitive damages in an amount sufficient to deter and educate Defendants and to educate other businesses to refrain from these unlawful acts.

## VIII.  REQUEST FOR RELIEF

Plaintiff requests that this Court:

a)   Assume jurisdiction in this proceeding;

b)   Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692d, 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(5), 1692e(10), 1692f, and 1692f(1);

c)   Declare that Defendants violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.13(e), 1788.13(l), 1788.14(b), and 1788.17;

d)   Award Plaintiff actual damages in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1) and Cal. Civil Code §§ 1788.17 and 1788.30(a);

e)   Award Plaintiff statutory damages in an amount not to exceed $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    f)   Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 against each Defendant, except BRACHFELD, pursuant to Cal. Civil Code § 1788.30(b);

    g)   Award Plaintiff statutory damages in an amount not to exceed $1,000 against each Defendant, except BRACHFELD, pursuant to Cal. Civil Code § 1788.17;[20]

    h)   Award Plaintiff actual damages and punitive damages in an amount to be determined at trial for Defendants' malicious prosecution of Plaintiff;

    i)   Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17[21] and 1788.30(c); and

    j)   Award Plaintiff such other and further relief as may be just and proper.

CONSUMER LAW CENTER, INC.

Dated: November 6, 2013

By: /s/ Fred W. Schwinn
Fred W. Schwinn (SBN 225575)
Raeon R. Roulston (SBN 255622)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California  95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorneys for Plaintiff
LARRY DEAN DAVIS

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, LARRY DEAN DAVIS, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

---

[20]  15 U.S.C. § 1692k(a)(2)(A).
[21]  15 U.S.C. § 1692k(a)(3).

PO Box 1209
DEPT #21999
Oaks, PA 19456

**THE BRACHFELD LAW GROUP, PC**



March 19, 2011

Current Creditor : MIDLAND FUNDING LLC
Originator : CITIBANK
Originator Account # : 4309550183133
Reference # : CC054625
Total Amount Due: $4,209.87
Amount Enclosed: _____

86331-2531

LARRY DAVIS
2345 IRONWOOD LN
LINCOLN, CA 95648-9602

Brachfeld Law Group, P.C.
P.O. BOX 421088
HOUSTON, TX 77242-1088

---------------------------------------------PLEASE RETURN TOP PORTION WITH PAYMENT ---------------------------------------------

Dear Sir/Madam,

With tax season here what better time to contact us regarding fantastic settlement opportunities. Our client has authorized us to extend to you great settlement offers on the above account.

At this time our client is willing to reduce your balance by 50.00% for a total amount due of $2,104.94.  Your payment must be received on or before 3/28/2011.

If you take advantage of the above settlement offer to avoid future collection contacts on your account, upon receipt of the full settlement funds, honored by our bank, we will consider this account resolved.  In the event this settlement offer is not accepted, our client reserves the right to offer a different settlement proposal at a later date, as well as to continue collection activity and pursue its rights in Court by commencing legal action for the balance in full, plus accrued interest, costs and attorney fees allowable by law.

As of the date of this letter, you owe the total amount due listed above.  Because of interest, late charges, and other charges that may vary from day to day, the total amount due on the day you pay may be greater.  Hence, if you do not accept this offer, and choose to pay at a later date, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection.

Please remember the payment must be received in our office by 3/28/2011. For further information call our office toll free at 866-834-3940, between 8 AM to 9 PM, PST and speak with one of our many personable agents waiting to assist you with your settlement offer, or **Send your payments to**: Brachfeld Law Group, P.C., P.O. Box 421088 Houston, Texas 77242-1088.

At this time, no attorney with this firm has personally reviewed the particular circumstances of your account.

**THIS IS AN ATTEMPT TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**

**THE STATE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT AND THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT REQUIRE THAT, EXCEPT UNDER UNUSUAL CIRCUMSTANCES, COLLECTORS MAY NOT CONTACT YOU BEFORE 8:00 A.M. OR AFTER 9 P.M. THEY MAY NOT HARASS YOU BY USING THREATS OF VIOLENCE OR ARREST OR BY USING OBSCENE LANGUAGE. COLLECTORS MAY NOT USE FALSE OR MISLEADING STATEMENTS OR CALL YOU AT WORK IF THEY KNOW OR HAVE REASON TO KNOW THAT YOU MAY NOT RECEIVE PERSONAL CALLS AT WORK. FOR THE MOST PART, COLLECTORS MAY NOT TELL ANOTHER PERSON, OTHER THAN YOUR ATTORNEY OR SPOUSE, ABOUT YOUR DEBT. COLLECTORS MAY CONTACT ANOTHER PERSON TO CONFIRM YOUR LOCATION OR ENFORCE A JUDGMENT. FOR MORE INFORMATION ABOUT DEBT COLLECTION ACTIVITIES, YOU MAY CONTACT THE FEDERAL TRADE COMMISSION AT 1-877-FTC-HELP OR WWW.FTC.GOV.**



EXHIBIT

1



CBS01-86331-2531

PO Box 1209
DEPT #21999
Oaks, PA 19456



**THE BRACHFELD LAW GROUP, PC**

Current Creditor : MIDLAND FUNDING LLC
Originator : CITIBANK
Originator Account # : 4309550183133
Reference # : CC054625
Total Amount Due: $4,325.40
Amount Enclosed: _____

July 15, 2011

13558-16304

LARRY DAVIS
2345 IRONWOOD LN
LINCOLN, CA 95648-9602



BRACHFELD LAW GROUP, P.C.
P.O. BOX 421088
HOUSTON, TX 77242-1088

------------------------------PLEASE RETURN TOP PORTION WITH PAYMENT--------------------------------

Dear Sir/Madam,                                              Total Due: $4,325.40

You qualify for a reduction on your account for a total payout of $2,162.70.  That is a savings of $2,162.70.  Please contact this office or mail in your payment by 7/28/2011 to take advantage of this offer.  All payments should be payable to Brachfeld Law Group.  Payment must be received in our office by 7/28/2011.  If payment is not received by 5 P.M. on that date, this offer is withdrawn.  Additionally, you may qualify for a three month payout; however you must contact an office representative to determine if this would apply to you.

If you take advantage of the above settlement offer to avoid future collection contacts on your account, upon receipt of the full settlement funds, honored by our bank, we will consider this account resolved.

In the event this settlement offer is not accepted, our client reserves the right to offer a different settlement proposal at a later date, as well as to pursue its rights in Court by commencing legal action for the balance in full, plus accrued interest, and attorney fees allowable by law.

As of the date of this letter, you owe the total amount due listed above.  Because of interest, late charges, and other charges that may vary from day to day, the total amount due on the day you pay may be greater.  Hence, if you do not accept this offer, and choose to pay at a later date, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write us or call our office toll free at 888-856-2120.

At this time, no attorney with this firm has personally reviewed the particular circumstances of your account.

**Send your payments to:**
Brachfeld Law Group, P.C.
P.O. Box 421088
Houston, TX 77242-1088

**Send Correspondence to:**
Brachfeld Law Group, P.C.
880 Apollo St.
Suite 155
El Segundo, CA 90245

**Send overnight delivery to:**
Brachfeld Law Group, P.C.
800 W. Sam Houston Parkway South
Suite 200
Houston, TX 77042

**THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.  THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**

**THE STATE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT AND THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT REQUIRE THAT, EXCEPT UNDER UNUSUAL CIRCUMSTANCES, COLLECTORS MAY NOT CONTACT YOU BEFORE 8:00 A.M. OR AFTER 9 P.M. THEY MAY NOT HARASS YOU BY USING THREATS OF VIOLENCE OR ARREST OR BY USING OBSCENE LANGUAGE. COLLECTORS MAY NOT USE FALSE OR MISLEADING STATEMENTS OR CALL YOU AT WORK IF THEY KNOW OR HAVE REASON TO KNOW THAT YOU MAY NOT RECEIVE PERSONAL CALLS AT WORK. FOR THE MOST PART, COLLECTORS MAY NOT TELL ANOTHER PERSON, OTHER THAN YOUR ATTORNEY OR SPOUSE, ABOUT YOUR DEBT. COLLECTORS MAY CONTACT ANOTHER PERSON TO CONFIRM YOUR LOCATION OR ENFORCE A JUDGMENT. FOR MORE INFORMATION ABOUT DEBT COLLECTION ACTIVITIES, YOU MAY CONTACT THE FEDERAL TRADE COMMISSION AT 1-877-FTC-HELP OR WWW.FTC.GOV.**

**NON PROFIT CREDIT COUNSELING SERVICES MAY BE AVAILABLE IN YOUR AREA**



CBS02-13558-16304



PO Box 1209
DEPT #21999 Case 2:13-cv-02316-LDD-CKD   Document 1   Filed 11/06/13   Page 27 of 51
Oaks, PA 19456

THE BRACHFELD LAW GROUP, PC

Current Creditor : MIDLAND FUNDING LLC
Originator : CITIBANK
Originator Account # : 4309550183133
Reference # : CC054625
Total Amount Due: $4,594.57
Amount Enclosed: _____

October 07, 2011



EXHIBIT
3

|||₁|₁₁₁₁||||₁₁₁₁₁₁₁₁₁|₁||||||₁₁₁₁₁₁₁₁₁₁₁₁₁₁|||||   13558-12365

LARRY DAVIS
2345 IRONWOOD LN
LINCOLN, CA 95648-9602

BRACHFELD LAW GROUP, P.C.
P.O. BOX 421088
HOUSTON, TX  77242-1088

||₁₁||₁₁|₁₁|₁₁₁₁₁₁₁₁₁₁₁₁|||||₁₁|₁₁|₁₁₁₁₁₁₁₁|₁₁₁₁|₁|₁₁

*0/10/11 Rtnd this doc to Brachfeld asking for copy of acct app w/signature*

---------------------------------------------PLEASE RETURN TOP PORTION WITH PAYMENT ---------------------------------------------

Dear Sir/Madam,                                                    Total Due: $4,594.57

You qualify for a reduction on your account for a total payout of $2,756.74.  That is a savings of $1,837.83.  Please contact this office or mail in your payment by 10/28/2011 to take advantage of this offer.  All payments should be payable to Brachfeld Law Group.  Payment must be received in our office by 10/28/2011.  If payment is not received by 5 P.M. on that date, this offer is withdrawn.  Additionally, you may qualify for a three month payout; however you must contact an office representative to determine if this would apply to you.

If you take advantage of the above settlement offer to avoid future collection contacts on your account, upon receipt of the full settlement funds, honored by our bank, we will consider this account resolved.

In the event this settlement offer is not accepted, our client reserves the right to offer a different settlement proposal at a later date, as well as to pursue its rights in Court by commencing legal action for the balance in full, plus accrued interest, and attorney fees allowable by law.

As of the date of this letter, you owe the total amount due listed above.  Because of interest, late charges, and other charges that may vary from day to day, the total amount due on the day you pay may be greater.  Hence, if you do not accept this offer, and choose to pay at a later date, an adjustment may be made after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write us or call our office toll free at 888-856-2120.

At this time, no attorney with this firm has personally reviewed the particular circumstances of your account.

**Send your payments to:**
Brachfeld Law Group, P.C.
P.O. Box 421088
Houston, TX 77242-1088

**Send Correspondence to:**
Brachfeld Law Group, P.C.
880 Apollo St.
Suite 155
El Segundo, CA 90245

**Send overnight delivery to:**
Brachfeld Law Group, P.C.
800 W. Sam Houston Parkway South
Suite 200
Houston, TX 77042

**THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.  THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**

**THE STATE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT AND THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT REQUIRE THAT, EXCEPT UNDER UNUSUAL CIRCUMSTANCES, COLLECTORS MAY NOT CONTACT YOU BEFORE 8:00 A.M. OR AFTER 9 P.M. THEY MAY NOT HARASS YOU BY USING THREATS OF VIOLENCE OR ARREST OR BY USING OBSCENE LANGUAGE. COLLECTORS MAY NOT USE FALSE OR MISLEADING STATEMENTS OR CALL YOU AT WORK IF THEY KNOW OR HAVE REASON TO KNOW THAT YOU MAY NOT RECEIVE PERSONAL CALLS AT WORK. FOR THE MOST PART, COLLECTORS MAY NOT TELL ANOTHER PERSON, OTHER THAN YOUR ATTORNEY OR SPOUSE, ABOUT YOUR DEBT. COLLECTORS MAY CONTACT ANOTHER PERSON TO CONFIRM YOUR LOCATION OR ENFORCE A JUDGMENT. FOR MORE INFORMATION ABOUT DEBT COLLECTION ACTIVITIES, YOU MAY CONTACT THE FEDERAL TRADE COMMISSION AT 1-877-FTC-HELP OR WWW.FTC.GOV.**

**NON PROFIT CREDIT COUNSELING SERVICES MAY BE AVAILABLE IN YOUR AREA**



CBS02-13558  f2365

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): | FOR COURT USE ONLY |
|---|---|
| ERICA L BRACHFELD ESQ., S.B.N. 180683<br>THE BRACHFELD LAW GROUP, P.C.<br>880 Apollo Street, Ste 155<br>El Segundo, CA 90245        **"BY FAX"** | |

TELEPHONE NO:   310/273-7867     FAX NO. *(Optional)*: 310/273-9867
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*:    Plaintiff

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF PLACER

OCT - 4 2011

EXECUTIVE OFFICER & CLERK
BY T. Lewis, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF PLACER
STREET ADDRESS:   10820 JUSTICE CENTER DRIVE
MAILING ADDRESS:
CITY AND ZIP CODE:   ROSEVILLE, CA 95678
BRANCH NAME:   PLACER COURT

PLAINTIFF: MIDLAND FUNDING LLC

DEFENDANT: LARRY DAVIS,

☒ DOES 1 TO 100, INCLUSIVE

| CONTRACT | |
|---|---|
| ☒ COMPLAINT | ☐ AMENDED COMPLAINT *(Number)*: |
| ☐ CROSS-COMPLAINT | ☐ AMENDED CROSS-COMPLAINT *(Number)*: |

**Jurisdiction** *(check all that apply)*:
☒ ACTION IS A LIMITED CIVIL CASE
Amount demanded   ☒ does not exceed $10,000
                ☐ exceeds $10,000, but does not exceed $25,000
☐ ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
☐ ACTION IS RECLASSIFIED by this amended complaint or cross-complaint
    ☐ from limited to unlimited
    ☐ from unlimited to limited

CASE NUMBER:

MCV0052495

1. PLAINTIFF* (names) MIDLAND FUNDING LLC
   alleges causes of action against DEFENDANT* *(names)*: LARRY DAVIS,
2. This pleading, including attachments and exhibits, consists of the following number of pages:
3. a. Each plaintiff named above is a competent adult
      ☒ except plaintiff (name) MIDLAND FUNDING LLC
         (1) ☐ a corporation qualified to do business in California
         (2) ☐ an unincorporated entity *(describe)*:
         (3) ☒ other *(specify)*: A Limited Liability Company
   b. ☐ Plaintiff *(name)*:
       a. ☐ has complied with the fictitious business name laws and is doing business under the fictitious name of *(specify)*:
       b. ☐ has complied with all licensing requirements as a licensed *(specify)*:
       c. ☐ information about additional plaintiffs who are not competent adults is shown in Complaint—Attachment 3c.
4. a. Each defendant named above is a natural person

| ☐ except defendant *(name)*: | ☐ except defendant *(name)*: |
|---|---|
| (1) ☐ a business organization, form unknown. | (1) ☐ a business organization, form unknown. |
| (2) ☐ a corporation | (2) ☐ a corporation |
| (3) ☐ an unincorporated entity *(describe)*: | (3) ☐ an unincorporated entity *(describe)*: |
| (4) ☐ a public entity *(describe)*: | (4) ☐ a public entity *(describe)*: |
| (5) ☐ other *(specify)*: | (5) ☐ other *(specify)*: |

**"BY FAX"**

Reduced Filing Fee
per B&P 6322.1

* If this form is used as a cross-complaint, plaintiff means cross-complaint and defendant.         Code of Civ. Proc., §425.12

Form Approved for Optional Use
Judicial Council of California
PLD-C-001 [Rev. January 1, 2007]
BLG# CC054625

COMPLAINT—Contract

American LegalNet, Inc.
www.USCourtForms.com



EXHIBIT
4

| SHORT TITLE  MIDLAND FUNDING LLC   VS.  LARRY DAVIS, ET AL. | CASE NUMBER: |
|---|---|

### COMPLAINT—Contract

4. *(Continued)*
   b. The true names and capacities of defendants sued as Does are unknown to plaintiff.
   c. ☐ Information about additional defendants who are not natural persons is contained in Complaint—Attachment 4c.
   d. ☐ Defendants who are joined pursuant to Code of Civil Procedure section 382 are *(names):*

5. ☐ Plaintiff is required to comply with a claims statute, **and**
   a. ☐ plaintiff has complied with applicable claims statutes, or
   b. ☐ plaintiff is excused from complying because *(specify):*

6  a. [   ] is [ X ] is not on a contract or installment sale for goods or services subject to Civ. Codes, § 1801 et seq. (Unruh Act).
   b. [   ] is [ X ] is not on a conditional sales contract subject to Civ. Code, § 2981 et seq.  (Rees-Levering Motor Vehicle Sales and Finance Act).
   c. [ X ] is [   ] is not on an obligation for goods, services, loans or extensions of credit subject to Code Civ. Proc., § 395(b).

7. This court is the proper court because
   a. ☐ a defendant entered into the contract here.
   b. ☐ a defendant lived here when the contract was entered into.
   c. ☒ a defendant lives here now.
   d. ☐ the contract was to be performed here.
   e. ☐ a defendant is a corporation or unincorporated association and its principal place of business is here.
   f. ☐ real property that is the subject of this action is located here.
   g. ☐ other *(specify):*

8. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*
   ☐ Breach of Contract
   ☒ Common Counts
   ☒ Other *(specify):*
9. ☒ Other allegations:
   For the sum by which defendant has been unjustly enriched by virtue of defendant receiving monetary or other benefit. By the defendant knowingly requesting the funds at issue and/or accepting the benefits bestowed. It is inequitable for defendant to retain said benefits without repaying plaintiff, the current Assignee of the debt owed, the value thereof.

10. **PLAINTIFF PRAYS** for judgment for costs of suit; for such relief as is fair, just and equitable; and for
    a. ☒ damages of $3,699.09
    b. ☒ interest on the damages
       (1) ☐ according to proof
       (2) ☒ at the statutory rate of  10 percent from  October 30, 2009
    c. ☒ attorney's fees
       (1) ☐ of: $
       (2) ☒ at the legal default rate.
    d. ☒ other *(specify):*  Such other relief as the court deems proper

11. ☒ The following paragraphs of this pleading are alleged on information and belief *(specify paragraph numbers):* 1,4, 7

Date: September 19, 2011

ERICA L BRACHFELD

_____          _____
        (TYPE OR PRINT NAME)                    (SIGNATURE OF PLAINTIFF OR ATTORNEY)

**(If you wish to verify this pleading, affix a verification.)**

| SHORT TITLE MIDLAND FUNDING LLC   VS.  LARRY DAVIS, ET AL. | CASE NUMBER: |
|---|---|

___FIRST___
(number)

**CAUSE OF ACTION—Common Counts**

ATTACHMENT TO      ☒ Complaint      ☐ Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

CC-1.   Plaintiff *(name):* MIDLAND FUNDING LLC
alleges that defendant *(name):* LARRY DAVIS,  became indebted to
☐ plaintiff      ☒ other *(name):* CITIBANK Plaintiff predecessor in interest

   a. ☒  within the last four years
     (1) ☒      on an open book account for money due.
     (2) ☒      because an account was stated in writing by and between plaintiff and/or Plaintiff's assignor and
         defendant in which it was agreed that defendant was indebted to plaintiff and/or Plaintiff's assignor

   b. ☒  within the last      ☐ two years      ☒ four years
     (1) ☐      for money had and received by defendant for the use and benefit of plaintiff.
     (2) ☐      for work, labor, services and materials rendered at the special instance and request of defendant
         and for which defendant promised to pay plaintiff.
         ☐ the sum of
         ☐ the reasonable value.

     (3) ☒      for goods, wares and merchandise sold and delivered to defendant and for which defendant
         promised to pay  plaintiff or plaintiff's assignor
         ☒ the sum of $3,699.09
         ☐ the reasonable value.

     (4) ☒      for money lent by plaintiff, or plaintiff's assignor, to defendant at defendant's request.

     (5) ☒      for money paid, laid out, and expended to or for defendant at defendant's special instance and
         request.

     (6) ☒      *other (specify):* By the terms of the said agreement(s), Plaintiff or Plaintiff's assignor, provided
         defendants, and each of them, with services rendered and/or goods, wares, and merchandise
         and/or extension of credit at defendant's special instance and request and in consideration thereof
         defendants promised to provide payment in the sum of  $3,699.09 and interest thereon which
         defendants and each of them failed to provide.

CC-2.   $3,699.09, which is the reasonable value, is due and unpaid despite plaintiff's demand, plus
prejudgment interest      ☐ according to proof      ☒ at the rate of 10 percent per year from *(date):*October 30,
                                                                    2009

CC-3.   ☒  Plaintiff is entitled to attorney fees by an agreement or a statute
         ☐ of $
         ☒ at the legal default rate.

CC-4.   ☒ Other:$3,699.09 which is fixed and agreed amount, is due and unpaid despite plaintiff's demand, plus pre-
Judgment interest at the statutory rate of 10 percent.

**Page Three**

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(2) [Rev. January 1, 2009]

**CAUSE OF ACTION-Common Counts**

Code of Civil Procedures, 425.12
www.courtinfo.ca.gov
American LegalNet, Inc.
www.formsworkflow.com

MC-030

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

THE BRACHFELD LAW GROUP, P.C.
Erica L. Brachfeld, Esq. (SBN) 180683
880 Apollo Street, Ste 155
El Segundo, CA 90245

**"BY FAX"**

TELEPHONE NO   310) 273-7867      FAX NO *(Optional)*   310) 273-9867
E-MAIL ADDRESS *(Optional)*
ATTORNEY FOR *(Name):*  PLAINTIFF

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF PLACER

OCT - 4 2011

EXECUTIVE OFFICER & CLERK
BY T. Lewis, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF PLACER
STREET ADDRESS:   10820 JUSTICE CENTER DRIVE
MAILING ADDRESS:   10820 JUSTICE CENTER DRIVE
CITY AND ZIP CODE:   ROSEVILLE, CA 95678
BRANCH NAME:   PLACER COURT

PLAINTIFF/PETITIONER:  MIDLAND FUNDING LLC

DEFENDANT/RESPONDENT:  LARRY DAVIS,

| DECLARATION OF JURISDICTIONAL FACTS | CASE NUMBER: MCV0052495 |
|---|---|

I, the undersigned, declare:

1.     I am the attorney of record for Plaintiff in this action.

**"BY FAX"**

2.     The above-entitled action is not subject to the provisions of Civil Code Section 1812.10 or Civil Code Section 2984.4.

3.     The above-entitled action is subject to the provisions of Code of Civil Procedure Section 395(b) and/or 396(a).

4.     Based on the information of this office's file, this is proper venue because at the commencement of this action, one or more of the named Defendants resided in this Judicial District.

5.     If called to testify I could, and would, competently testify to the matters contained herein, based upon my personal knowledge, except for that which is stated to be based on my information and belief, and with respect to those items, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date: September 19, 2011

►

ERICA L BRACHFELD, ESQ
.......................................................
(TYPE OR PRINT NAME )

*(SIGNATURE OF DECLARANT)*

☒ Attorney for   ☒ Plaintiff   ☐ Petitioner   ☐ Defendant
☐ Respondent   ☐ Other *(Specify):*

Form Approved for Optional Use
Judicial Council of California
MC-030 [Rev. January 1, 2006)
BA FILE # CC054625

**DECLARATION OF JURISDICTIONAL FACTS**

Page 1 of 1

JFACTS

# THE BRACHFELD LAW GROUP, PC

| California | Send payments to: | Send correspondence to: |
| Texas | P.O. Box 421088 | 880 Apollo Street, Suite 155 |
| Ohio | Houston, TX 77242 | El Segundo, CA 90245 |
| Utah | (888) 856-2120 | |

November 6, 2012

LARRY DAVIS
2345 IRONWOOD LN
LINCOLN CA 95648-0000

Current Creditor :MIDLAND FUNDING LLC
Original :CITIFINANCIAL
Original Account # :4309550183133
Reference # :CC054625
Total Amount Due: $5,068.92
Amount Enclosed: _____

-----------------------------------------PLEASE RETURN TOP PORTION WITH PAYMENT--------------------------------

Dear Sir/Madam,

   The enclosed Request to Enter Default has been sent to the Court. This results from your failure to make a satisfactory payment arrangement or to keep the payment arrangement, if you agreed to one. Please call our office immediately should you wish to attempt a voluntary resolution to this matter.  **Send your payments to: Brachfeld Law Group, P.C., P.O. Box 421088, Houston, Texas 77242-1088.**

**THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**



EXHIBIT

5

ERICA L. BRACHFELD, ESQ. (SBN) 180683                    **BY FAX FILING**
THE BRACHFELD LAW GROUP, P.C.
880 Apollo Street, Ste 155
El Segundo, CA 90245
TELEPHONE NO.: 310/273-7867              FAX NO.: 310/273-9867
ATTORNEY FOR *(Name):* PLAINTIFF        BLG # CC054625

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** PLACER
STREET ADDRESS:      10820 JUSTICE CENTER DRIVE
CITY AND ZIP CODE:   ROSEVILLE, CA 95678
BRANCH NAME:         PLACER COURT

PLAINTIFF: MIDLAND FUNDING LLC

DEFENDANT: LARRY DAVIS,

| **REQUEST FOR [ X ] ENTRY OF DEFAULT**   [ ] **CLERK'S JUDGMENT** (Application)   [ X ] **COURT JUDGMENT** | CASE NUMBER: MCV0052495 |
|---|---|

1. TO THE CLERK:  On the complaint or cross-complaint filed
   a. on *(date):* October 4, 2011
   b. by *(name)* MIDLAND FUNDING LLC
   c. [ X ] Enter default of defendant *(names):*
      LARRY DAVIS

   d. [ X ] I request a court judgment under Code of Civil Procedures section 585(b), (c), 989, etc., against defendant (names):
      LARRY DAVIS,
      *(Testimony required.  Apply to the clerk for a hearing date, unless the court will enter a judgment on an affidavit under Code of Civil Procedures section 585(d).)*

   e. [ ] Enter clerk's judgment
      (1) [ ] For restitution of the premises only and issue a writ of execution on the judgment.  Code of Civil Procedure
          section 1174(c) does not apply.  (Code Civ. Proc. § 1169.)
          [ ] Include in the judgment all tenants, subtenants, named claimants, and other occupants of the premises.
              *The Prejudgment Claim of Right to Possession* was served in compliance with Code of Civil Procedures
              section 415.46.
      (2) [ ] Under Code of Civil Procedures 585(a).  *(Complete the declaration under Code Civ. Proc., § 585.5 on the reverse
          (item 5).)*
      (3) [ ] For default previously entered on *(date):*

2. **Judgment to be entered**

| | Amount | Credits Acknowledged | Balance |
|---|---|---|---|
| a. Demand of Complaint..................................... | $3,699.09 | $.00 | $3,699.09 |
| b. Statement of damages * | 0.00 | 0.00 | 0.00 |
| (1) Special.................................................. | 0.00 | 0.00 | 0.00 |
| (2) General................................................. | 0.00 | 0.00 | 0.00 |
| c. Interest.................................................... | $1,117.83 | 0.00 | $1,117.83 |
| d. Costs *(see reverse)*................................. | $252.00 | 0.00 | $252.00 |
| e. Attorney Fees........................................... | $.00 | 0.00 | $.00 |
| f. TOTALS.................................................... | $5,068.92 | $.00 | $5,068.92 |

   g. **Daily damages** were demanded in complaint at the rate of: $              per day beginning *(date):*
   (* Personal injury or wrongful death actions; Code of Civ. Proc., § 425.11)
3. [ ] *(check if filed in an unlawful detainer case)* **Legal Document Assistant or Unlawful Detainer Assistant** information is on
       the reverse *(complete item 4).*
   Date: November 6, 2012

   ERICA L BRACHFELD

   ► */s/ Erica Brachfeld/*

......................................................                              ..................................................................
      (TYPE OR PRINT NAME)                                   (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

| **FOR COURT USE ONLY** | (1) [ ] Default entered as requested on *(date):* (2) [ ] Default NOT entered as requested *(state reason):* | Clerk, by: _____, Deputy |
|---|---|---|

Form Adopted for Mandatory Use                    **REQUEST FOR ENTRY OF DEFAULT**          Code of Civil Procedure,
Judicial Council of California                        **(Application to Enter Default)**        §§ 585-587. 1169
CIV-100 [Rev. January 1, 2007]                                                               *www.courtinfo.ca.gov*

CIV-100

| PLAINTIFF:   MIDLAND FUNDING LLC | CASE NUMBER: |
| DEFENDANT: LARRY DAVIS, ET AL. | MCV0052495 |

4. **LEGAL DOCUMENT ASSISTANT OR UNLAWFUL DETAINER ASSISTANT** (Bus. & Prof. Code, § 6400 et seq.) A legal document assistant or unlawful detainer assistant  [  ] did    [ X ] did **not**    for compensation give advice or assistance with this form.  *(if declarant has received any help or advice for pay from a legal document assistant or unlawful detainer  assistant, state):*

   a. Assistant's name:                        b. Telephone No.:

   c. Street Address, city and ZIP:             d. County of registration:

   e. Registration No.:                       f. Expires on (date):

5. [ X ]  **DECLARATION UNDER CODE OF CIVIL SECTION 585.5** *(Required for entry of default under Code. Civ. Proc., § 585(a))*
      This action
   a. [   ] is [ X ] is not on a contract or installment sale for goods or services subject to Civ. Codes, § 1801 et seq. (Unruh Act).
   b. [   ] is [ X ] is not on a conditional sales contract subject to Civ. Code, § 2981 et seq.  (Rees-Levering Motor Vehicle Sales and Finance Act).
   c. [ X ] is [   ] is not on an obligation for goods, services, loans or extensions of credit subject to Code Civ. Proc., § 395(b).

6. **DECLARATION OF MAILING** (Code Civ. Proc., § 587)  A copy of this *Request for Entry of Default* was
   a. [   ] **not mailed** to the following defendants whose addresses are **unknown** to plaintiff or plaintiff's attorney *(names)*:

   b. [ X ] **mailed** first-class, postage prepaid, in a sealed envelope addressed to each defendant's attorney of record or, if none, to each defendant's last known address as follows:
     (1) Mailed on *(date):* November 6, 2012      (2) To *(specify names and addresses shown on the envelopes):*
     LARRY DAVIS
     2345 IRONWOOD LN
     LINCOLN CA 95648-0000

I declare under penalty of perjury under the laws of the State of California that the foregoing items 4, 5 and 6 are true and correct.
Date: November 6, 2012

        ERICA L BRACHFELD             ▶    *Erica L Brachfeld*

           (TYPE OR PRINT NAME)                 (SIGNATURE OF DECLARANT)

7. **MEMORANDUM OF COSTS** *(Required if judgment requested)* **Costs and disbursements** are as follows (Code Civ. Proc § 1033.5):
   a. Clerk's filing fees...................................   $181.00
   b. Process server's fees.............................   $71.00
   c. Other *(specify):*......................................
   d. ..........................................................
   e. **TOTAL**...............................................   $252.00
   f. [   ] Costs and disbursements are waived.
   g. I am the attorney, agent or party who claims these costs.  To the best of my knowledge and belief this memorandum of costs is correct and these costs were necessarily incurred in this case.
I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date: November 6, 2012

        ERICA L BRACHFELD             ▶    *Erica L Brachfeld*

           (TYPE OR PRINT NAME)                 (SIGNATURE OF DECLARANT)

8. [ X ] **DECLARATION OF NONMILITARY STATUS** *(Required for a judgment)*  To the best of my knowledge no defendant named in item 1C of the application is in the military service so as to be entitled to the benefits of the Servicemembers Civil Relief Act (50 U.S.C. App. § 501 et seq.).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date: November 6, 2012

        ERICA L BRACHFELD             ▶    *Erica L Brachfeld*

           (TYPE OR PRINT NAME)                 (SIGNATURE OF DECLARANT)

ORIGINAL

ERICA L. BRACHFELD, S.B.N. 180683
THE BRACHFELD LAW GROUP, P.C.
880 Apollo Street, Ste 155
El Segundo, CA 90245
Telephone: 310/273-7867
Facsimile: 310/273-9876
Attorney for Plaintiff
CC054625

"BY FAX"

**FILED**
Superior Court of California
County of Placer

NOV 1 4 2012

Jake Chatters
Executive Officer & Clerk
By: K. Alford, Deputy

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF PLACER, "LIMITED"
### DEMAND UNDER $25,000

MIDLAND FUNDING LLC   ,

                    Plaintiff,

          vs.

LARRY DAVIS,  and Does 1 to 100,
Inclusive,

                    Defendants.

CASE NO. MCV0052495

**DECLARATION IN SUPPORT OF
APPLICATION FOR ENTRY OF
JUDGMENT PURSUANT TO CCP §
585(d)**

"BY FAX"

The declaration is attached hereto and hereby incorporated herein.



EXHIBIT
6

DECLARATION IN SUPPORT OF APPLICATION FOR ENTRY OF JUDGMENT PURSUANT TO CCP § 585(d)

STATE OF CALIFORNIA
COUNTY OF _____

MIDLAND FUNDING LLC,

Plaintiff

-vs-

LARRY DAVIS,

Defendant(s).

AFFIDAVIT OF REBEKAH WOOLCOTT
IN SUPPORT OF JUDGMENT

Rebekah Woolcott, whose business address is 16 Mcleland Road Suite 101, St. Cloud, MN 56303, certifies and says:

1.     I am employed as a Legal Specialist and have access to pertinent account records for Midland Credit Management, Inc. ("MCM"), servicer of this account on behalf of plaintiff. I am a competent person over eighteen years of age, and make the statements herein based upon personal knowledge of those account records maintained on plaintiff's behalf. Plaintiff is the current owner of, and/or successor to, the obligation sued upon, and was assigned all the rights, title and interest to defendant's CITIFINANCIAL account XXXXXXXXX3133 (MCM Number 8535914613) (hereinafter "the account"). I have access to and have reviewed the records pertaining to the account and am authorized to make this affidavit on plaintiff's behalf.

AFFIDAVIT OF REBEKAH WOOLCOTT IN SUPPORT OF
PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT -1





8535914613                    AFFDEFAULTJDG                    CC054625

2.    I am familiar with the manner and method by which MCM creates and maintains its business records pertaining to this account. The records are kept in the regular course of business. It was in the regular course of business for a person with knowledge of the act or event recorded to make the record or data compilation, or for a person with knowledge to transmit information thereof to be included in such record. In the regular course of business, the record or compilation is made at or near the time of the act or event. The relevant financial information concerning the account includes the following:

3.    MCM's records show that the defendant(s) owed a balance of $3699.09 as of 2011-01-16.

4.    Based upon my review of MCM's business records: 1) defendant(s) opened the account with CITIFINANCIAL on 2002-10-03; 2) the last payment posted to the account on 2009-03-06; and 3) the account was charged off on 2009-10-30.

5.    It is in the regular course of business of plaintiff's agents and/or its attorneys for demand to be made for payment of the balance herein prior to making this affidavit; defendant(s) failed to make full payment of the amount owed on the account; and the attorneys representing plaintiff were retained for the purpose of collecting the delinquent debt owed on the account set out above.

6.    Attached hereto are records regarding the account.

**LEFT BLANK INTENTIONALLY**

---

AFFIDAVIT OF REBEKAH WOOLCOTT IN SUPPORT OF
PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT -2

 

1 | I declare under penalty of perjury of the State of California that the foregoing

2 | statements are true and correct to the best of my knowledge.

3

4 | OCT 1 0 2012
Date

5 | _Rebekah L Woolcott_
Rebekah Woolcott

6 | STATE OF MINNESOTA

7 | COUNTY OF STEARNS

8 | Signed and sworn to (or affirmed) before me on ___ OCT 1 0 2012 ___ by Rebekah Woolcott.

9

10

11 | JESSICA L VOGT
Notary Public-Minnesota
My Commission Expires Jan. 31, 2017

12 | _____
Notary Public

13 | My commission expires:_____

14

15

16

17

18 | CA28

19 | The Brachfeld Law Group, PC

20

21

22

23

24

25

26

27

28

AFFIDAVIT OF REBEKAH WOOLCOTT IN SUPPORT OF
PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT -3




# EXHIBIT "1"

CITIFINANCIAL
14415 S. 50TH ST
P O BOX 22060
TEMPE  AZ 85285-2060

Account Number: -2521

☐ Address/Phone change? Please check here and complete the reverse side.

| New Balance | Past Due Amount | Minimum Payment Due* | Payment Due Date | Next Plan Expiration Date* | Payment Enclosed |
|---|---|---|---|---|---|
| 3699.09 | 1405.00 | 1573.00 | 12/13/09 | N/A | S |

Detach and mail with payment. Payment address is:

LARRY D DAVIS
6916 MEDALLION DR
PLANO TX 75024-7549

CITIFINANCIAL
P.O. BOX 688959
DES MOINES, IA 50368-8959

2521157300036990903000160

Detach Here

| ROOMS TO GO | DISPLAY ONLY | Page 1 of 1 |
|---|---|---|

**Account Information**

| Account Number | Credit Limit | Available Credit | Billing Cycle Closing Date | Payment Due Date | Next Plan Expiration Date** | Days In Billing Cycle |
|---|---|---|---|---|---|---|
| -2521 | 0 | 0 | 11/16/09 | 12/13/09 | N/A | 14 |

** The Next Plan Expiration Date may be prior to the Payment Due Date.

You can now pay your bill online! Pay your bill using your bank's online bill pay service. Or, pay your bill for FREE at Citibank Online. You only need a Citibank checking account. Consider the Citibank e-Savings account, which gives you a great rate when linked to a checking account in a qualifying relationship package. Online bill payment, e-Savings plus checking. Details at www.citibank.com

For Billing Inquiries Call: 1-800-262-5124 or refer to return address listed above.

**Account Activity**

| Tran Date | Post Date | Reference Number | Transaction Description | Transaction Amount |
|---|---|---|---|---|
| 11 16 | 11 16 | 99999999 999999999999999 | FINANCE CHARGE RATE CHANGED TODAY | .00 |
| 11 16 | 11 16 | 99999999 999999999999999 | FINANCE CHARGE RATE CHANGED TODAY | .00 |
| 11 16 | 11 16 | 99999999 999999999999999 | FINANCE CHARGE RATE CHANGED TODAY | .00 |
| 11 16 | 11 16 | 99999999 999999999999999 | FINANCE CHARGE RATE CHANGED TODAY | .00 |

**Credit Plan Summary**
Method of Computing FINANCE CHARGE: Method B

| Plan Open Date | Plan Expiration Date | Periodic Rate (Daily) | Nominal APR | ANNUAL PERCENTAGE RATE | Average Daily Balance | Periodic FINANCE CHARGE | Plan Balance | Plan Minimum Payment |
|---|---|---|---|---|---|---|---|---|
| NO INT/NO PAY UNTIL 04/15/04 10/15/2002 | N/A | 0.08216% | 29.99% | 29.99% | 1305.93 | 0.00 | 1305.93 | 333.00 |
| NO INT/NO PAY UNTIL 04/15/04 11/12/2002 | N/A | 0.08216% | 29.99% | 29.99% | 363.09 | 0.00 | 363.09 | 95.00 |
| NO INT/NO PAY UNTIL 04/15/05 07/11/2003 | 04/15/2005 | 0.08216% | 29.99% | 29.99% | 703.64 | 0.00 | 703.64 | 257.00 |
| | | CREDIT PLAN Expired 04/15/2005 | | | | | | |
| REGULAR REVOLVING FEE PLAN 03/14/2005 | N/A | 0.08216% | 29.99% | 29.99% | 1326.43 | 0.00 | 1326.43 | 888.00 |

If we charged you a minimum finance charge greater than $0.50, the ANNUAL PERCENTAGE RATE will be higher than the Nominal APR.

Minimum Payment Due* : 1573.00

* Includes any amount past due.

**Account Summary**

| Previous Balance | (+)Purchases And Debits | (-)Payments And Credits | (+) Debt Shield | (+) Total FINANCE CHARGE | (=)New Balance | Past Due Amount | Minimum Payment Due* |
|---|---|---|---|---|---|---|---|
| 3699.09 | 0.00 | 0.00 | 0.00 | 0.00 | 3699.09 | 1405.00 | 1573.00 |

Note: New Balance is not a payoff balance. Please call Customer Service to obtain a payoff balance.
An amount followed by a minus sign(-) is a credit or a credit balance unless otherwise indicated.

Ver 052205          NOTICE: See reverse side for important information.          INT BLK1 BLK2 CD SF SF H

CITIFINANCIAL
14415 S. 50TH ST
P O BOX 22060
TEMPE  AZ 85285-2060

Account Number:                -2521

☐ Address/Phone change? Please check here
and complete the reverse side.

| New Balance | Past Due Amount | Minimum Payment Due* | Payment Due Date | Next Plan Expiration Date** | Payment Enclosed |
|---|---|---|---|---|---|
| 3699.09 | 1405.00 | 1573.00 | 11/13/09 | N/A | S          . |

Detach and mail with payment. Payment address is:

LARRY D DAVIS
6916 MEDALLION DR
PLANO TX 75024-7549

CITIFINANCIAL
P.O. BOX 688959
DES MOINES, IA 50368-8959

25211157300036990903000160

Detach Here -

ROOMS TO GO                                                          Page 1      of 2

### Account Information

| Account Number | Credit Limit | Available Credit | Billing Cycle Closing Date | Payment Due Date | Next Plan Expiration Date** | Days In Billing Cycle |
|---|---|---|---|---|---|---|
| 2521 | 2840 | 0 | 10/17/09 | 11/13/09 | N/A | 31 |

** The Next Plan Expiration Date may be prior to the Payment Due Date.

We have changed our trade name from CitiFinancial Retail Services to Citi.
Please make checks payable to Citi.

Your former payment address was a The Lakes, NV address and has been changed
to a Des Moines, IA address. See your payment coupon for your payment address.

For Billing Inquiries Call: 1-800-643-0007 or refer to return address listed above.

### Account Activity

| Tran Date | Post Date | Reference Number | Transaction Description | Transaction Amount |
|---|---|---|---|---|
| 10 13 | 10 13 | 19999999  98000000019500 | LATE CHARGE ASSESSMENT | 39.00 |
| 10 16 | 10 16 | 10200121  02000000031630 | PERIODIC FINANCE CHARGE | 32.43 |
| 10 16 | 10 16 | 10200121  02000000031640 | PERIODIC FINANCE CHARGE | 9.01 |
| 10 16 | 10 16 | 10200121  02000000031650 | PERIODIC FINANCE CHARGE | 17.47 |
| 10 16 | 10 16 | 19999999  98000000031660 | PERIODIC FINANCE CHARGE | 32.13 |

### Credit Plan Summary
Method of Computing FINANCE CHARGE: Method B

| Plan Open Date | Plan Expiration Date | Periodic Rate (Daily) | Nominal APR | ANNUAL PERCENTAGE RATE | Average Daily Balance | Periodic FINANCE CHARGE | Plan Balance | Plan Minimum Payment |
|---|---|---|---|---|---|---|---|---|
| NO INT/NO PAY UNTIL 04/15/04 | | | | | | | | |
| 10/15/2002 | N/A | 0.08216% | 29.99% | 29.99% | 1273.50 | 32.43 | 1305.93 | 333.00 |
| NO INT/NO PAY UNTIL 04/15/04 | | | | | | | | |
| 11/12/2002 | N/A | 0.08216% | 29.99% | 29.99% | 354.08 | 9.01 | 363.09 | 95.00 |
| NO INT/NO PAY UNTIL 04/15/05 | | | | | | | | |
| 07/11/2003 | 04/15/2005 | 0.08216% | 29.99% | 29.99% | 685.17 | 17.47 | 703.64 | 257.00 |
| | | CREDIT PLAN Expired 04/15/2005 | | | | | | |
| REGULAR REVOLVING FEE PLAN | | | | | | | | |
| 03/14/2005 | N/A | 0.08216% | 29.99% | 29.99% | 1261.59 | 32.13 | 1326.43 | 888.00 |

If we charged you a minimum finance charge greater than $0.50, the
ANNUAL PERCENTAGE RATE will be higher than the Nominal APR.

Minimum Payment Due* :          1573.00

* Includes any amount past due.

Ver 03-2005                    NOTICE: See reverse side for important information.                    INT BLK1 BLK2 CD SF SF

| ROOMS TO GO | | | | | | Page 2 | of 2 |

**Account Summary**

| Previous Balance | (+)Purchases And Debits | (-)Payments And Credits | (+) Debt Shield | (+) Total FINANCE CHARGE | (=)New Balance | Past Due Amount | Minimum Payment Due* |
|---|---|---|---|---|---|---|---|
| 3569.05 | 39.00 | 0.00 | 0.00 | 91.04 | 3699.09 | 1405.00 | 1573.00 |

Note: New Balance is not a payoff balance.  Please call Customer Service to obtain a payoff balance.
An amount followed by a minus sign(-) is a credit or a credit balance unless otherwise indicated.

2521



## BILL OF SALE AND ASSIGNMENT

THIS BILL OF SALE AND ASSIGNMENT is dated as of August 31, 2010 between CitiFinancial, Inc, located at 300 Saint Paul Place, Baltimore, MD 21202 (the "Seller") and Midland Funding, organized under the laws of the Delaware located at 8875 Aero Drive, Suite 200, San Diego, CA 92123 ("Buyer").

For value received and subject to the terms and conditions of the Purchase and Sale Agreement dated August 26, 2010 between Buyer and the Seller (the "Agreement"), the Seller does hereby transfer, sell, assign, convey, grant, bargain, set over and deliver to Buyer, and to Buyer's successors and assigns, all of the Seller's right, title and interest in and to the Accounts described in Section 1.2 of the Agreement and the Final Data File dated August 31, 2010.

Except as provided for in the Agreement, this Bill of Sale and Assignment is executed without recourse and without representations or warranties including, without limitation, warranties as to collectability.

CitiFinancial, Inc.
Seller

By _____
       (Signature)

Name: _Michael Caulbee_

Title: _Senior Vice President_



## ASSET SCHEDULE

| LOT # | # OF ACCOUNTS | CURRENT BALANCE | CUT-OFF DATE |
|---|---|---|---|
| CFPVLUSMP082710A | 6674 | $23,483,297.78 | 08/27/10 |
| CFPVLUSMP082710 | 3155 | $10,562,914.62 | 8/27/10 |

# AFFIDAVIT OF SALE
# OF ACCOUNT
# BY ORIGINAL CREDITOR

**STATE OF MISSOURI**
**COUNTY OF PLATTE**

Rachel Dixon being duly sworn, deposes and says:

I am over 18 and not a party to this action.  I am an Assistant Vice President of CitiFinancial, Inc. and am authorized to make the statements and representations herein.  In that position I have access to the creditor's records, and am aware of the process of the sale of accounts and electronic storage of business records.

On or about August 31, 2010 CitiFinancial, Inc. sold a pool of charged-off accounts (the Accounts) by a Purchase and Sale Agreement and a Bill of Sale to Midland Funding. As part of the sale of the Accounts, certain electronic records were transferred on individual Accounts to the debt buyer.  These records were kept in the ordinary course of business of CitiFinancial, Inc.

I am not aware of any errors in the information provided about the accounts.  The above statements are true to the best of my knowledge.

Signed this ____11th____ day of ____January____, ____2011____.

_____
Rachel Dixon

Sworn before me this ____11____ day of ____Jan____, ____2011____

_____

(Notary Stamp)

## CERTIFICATE OF CONFORMITY

**STATE OF MISSOURI**
**COUNTY OF PLATTE**

The undersigned does hereby certify that he/she is an attorney at law duly admitted to practice in the State of Missouri and is a resident of _Platte City_, in the State of Missouri; that he/she is a person duly qualified to make this certificate of conformity pursuant to the laws of the State of Missouri; that the foregoing acknowledgment by Rachel Dixon named in the foregoing instrument taken before _Walter R. Todd_, a notary in the State of Missouri, was taken in the manner prescribed by such laws of the State of Missouri, being the State in which it was taken; and that it duly conforms with such laws and is in all respects valid and effective in such state.

_January 11, 2011_
Date

_Robert H. Shaw_
Attorney at law in the State of Missouri

# THE BRACHFELD GROUP, P.C

| | | |
|---|---|---|
| California | **Send payments to:** | **Send correspondence to:** |
| Texas | P.O. Box 741148 | 880 Apollo Street, Suite 155 |
| Ohio | Houston, TX 77274 | El Segundo, CA 90245 |
| Utah | **(888) 856-2120** | |

December 6, 2012

LARRY DAVIS
2345 IRONWOOD LN

LINCOLN CA 95648-0000

Current Creditor : MIDLAND FUNDING LLC
Originator : CITIFINANCIAL

Originator Account # : 4309550183133
Reference # : CC054625
Total Amount Due: $5,091.52
Amount Enclosed: _____

-------------------------------------------------PLEASE RETURN TOP PORTION WITH PAYMENT-------------------------------------------------

Dear Sir/Madam,

We represent CITIFINANCIAL ,the owner the enclosed judgment. Our office has been retained to commence enforcement proceedings against you. These enforcement procedures can include, but are not limited to, garnishment proceedings, bank levies, filing of an abstract with the County Recorder, and subpoenaing you for a debtor's exam. If you would like to voluntarily pay this judgment, or discuss potential payment arrangements please contact this office immediately.

If you want to resolve this matter, please either pay the Total Amount Due or call our Law Firm at 888-856-2120 and work out arrangements for payment.  If you do neither of these things, we will proceed with one or more of the remedies described above.

As of the date of this letter, you owe the Total Amount Due listed above.  Because of interest, or other charges that may vary from day to day, the total amount due on the day you pay may be greater.  Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection.  For further information, write us or call our office toll free at 888-856-2120.

**THIS IS AN ATTEMPT TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.  THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**

**WE ARE REQUIRED TO PROVIDE THE FOLLOWING INFORMATION UNDER STATE LAW.  THIS IS NOT A COMPLETE LIST OF YOUR RIGHTS BY STATE.  IF YOU DO NOT RESIDE IN ONE OF THESE STATES, YOU MAY STILL HAVE THE SAME OR SIMILAR RIGHTS UNDER FEDERAL OR STATE LAW.**

**THE STATE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT AND THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT REQUIRE THAT, EXCEPT UNDER UNUSUAL CIRCUMSTANCES, COLLECTORS MAY NOT CONTACT YOU BEFORE 8:00 A.M. OR AFTER 9 P.M. THEY MAY NOT HARASS YOU BY USING THREATS OF VIOLENCE OR ARREST OR BY USING OBSCENE LANGUAGE. COLLECTORS MAY NOT USE FALSE OR MISLEADING STATEMENTS OR CALL YOU AT WORK IF THEY KNOW OR HAVE REASON TO KNOW THAT YOU MAY NOT RECEIVE PERSONAL CALLS AT WORK. FOR THE MOST PART, COLLECTORS MAY NOT TELL ANOTHER PERSON, OTHER THAN YOUR ATTORNEY OR SPOUSE, ABOUT YOUR DEBT. COLLECTORS MAY CONTACT ANOTHER PERSON TO CONFIRM YOUR LOCATION OR ENFORCE A JUDGMENT. FOR MORE INFORMATION ABOUT DEBT COLLECTION ACTIVITIES, YOU MAY CONTACT THE FEDERAL TRADE COMMISSION AT 1-877-FTC-HELP OR WWW.FTC.GOV.**

**NON PROFIT CREDIT COUNSELING SERVICES MAY BE AVAILABLE IN YOUR AREA.**



EXHIBIT
7

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| THE BRACHFELD LAW GROUP, P.C.<br>Erica L. Brachfeld, Esq. (SBN) 180683<br>Jonathan W. Birdt, Esq. (SBN) 183908<br>880 Apollo Street, Ste 155, El Segundo, CA 90245<br><br>     TELEPHONE NO   310 273-7867      FAX NO *(Optional)*   310 273-9867<br>E-MAIL ADDRESS *(Optional)*<br>   ATTORNEY FOR *(Name):*   PLAINTIFF | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF PLACER |
|---|
|   STREET ADDRESS:   10820 JUSTICE CENTER DRIVE<br>  MAILING ADDRESS:   10820 JUSTICE CENTER DRIVE<br>CITY AND ZIP CODE:   ROSEVILLE, CA 95678<br>  BRANCH NAME:   PLACER COURT |

| PLAINTIFF/PETITIONER:   MIDLAND FUNDING LLC |
|---|
| DEFENDANT/RESPONDENT:   LARRY DAVIS, |

| NOTICE OF ENTRY OF JUDGMENT<br>OR ORDER | CASE NUMBER: |
|---|---|
| *(Check One):*   ☐ **UNLIMITED CASE**<br>                (Amount demanded<br>                exceeded $25,000)      ■ **LIMITED CASE**<br>                                (Amount demanded was<br>                                $25,000 or less) | MCV0052495 |

**TO ALL PARTIES :**

1. A judgment, decree, or order was entered in this action on *(date):*

2. A copy of the judgment, decree, or order is attached to this notice.

Date: December 6, 2012

   ERICA L BRACHFELD, ESQ                ▶

_____      _____
  (TYPE OR PRINT NAME OF   ■ ATTORNEY   ☐ PARTY WITHOUT ATTORNEY)              (SIGNATURE)

Form Approved for Optional Use<br>Judicial Council of California<br>CIV-130 [New. January 1, 2010]<br>JNOE      **NOTICE OF ENTRY OF JUDGMENT OR ORDER**      *www.courtinfo.ca.gov*

CIV-130

| Plaintiff/Petitioner:MIDLAND FUNDING LLC | CASE NUMBER:<br>MCV0052495 |
|---|---|

BA FILE # CC054625

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address):* | FOR COURT USE ONLY |
|---|---|
| ERICA L BRACHFELD, ESQ. (SBN) 180683<br>THE BRACHFELD LAW GROUP, P.C.<br>880 Apollo Way, Ste 155<br>El Segundo, CA 90245<br>TELEPHONE NO.: 310/273-7867         FAX NO.: 310/273-9867<br>ATTORNEY FOR *(Name):*  PLAINTIFF | **"BY FAX"**<br><br>**FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF PLACER<br><br>NOV 19 2012<br><br>EXECUTIVE OFFICER & CLERK<br>By: K. Hootman    Deputy |

**"BY FAX"** (in center of attorney box)

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF PLACER | |
|---|---|
| STREET ADDRESS:  10820 JUSTICE CENTER DRIVE | |
| MAILING ADDRESS:  10820 JUSTICE CENTER DRIVE | |
| CITY AND ZIP CODE:  ROSEVILLE, CA 95678 | |
| BRANCH NAME:    PLACER COURT | |

| PLAINTIFF:   MIDLAND FUNDING LLC | |
|---|---|
| DEFENDANT:   LARRY DAVIS, | |

| JUDGMENT | CASE NUMBER MCV0052495 |
|---|---|
| ☐ By Clerk     ☒ By Default     ☐ After Court Trial<br>☒ By Court     ☐ On stipulation     ☐ Defendant Did Not<br>                                                             Appear at Trail | |

**JUDGMENT**          **"BY FAX"**

1. ☒ **BY DEFAULT**
   a. Defendant was properly served with a copy of the summons and complaint.
   b. Defendant failed to answer the complaint or appear and defend the action within the time allowed by law.
   c. Defendant's default was entered by the clerk upon plaintiff's application.
   d. ☐ **Clerk's Judgment** (Code Civ. Proc. § 585(a)). Defendant was sued only on a contract or judgment of a court of this state for the recovery of money.
   e. ☒ **Court Judgment** ( Code Civ. Prov. § 585(b)). The court considered
      (1) ☐ plaintiff's testimony and other evidence.
      (2) ☒ plaintiff's written declaration (Code Civ. Proc., § 585(d)).

2. ☐ **ON STIPULATION**
   a. Plaintiff and defendant agreed (stipulated) that a judgment be entered in this case. The court approved the stipulated judgment and
   b. ☐ the signed written stipulation was filed in the case.
   c. ☐ the stipulation was stated in open court     ☐ the stipulation was stated on the record.

3. ☐ **AFTER COURT TRIAL.** The jury was waived. The court considered the evidence.
   a. The case was tried on *(date and time):*
      before *(name of judicial officer):*
   b. Appearances by;
      ☐ Plaintiff *(name each):*               ☐ Plaintiff's attorney *(name each):*
         (1)                                        (1)
         (2)                                        (2)
      ☐ Continued on Attachment 3b.
      ☐ Defendant *(name each):*               ☐ Defendant's attorney *(name each):*
         (1)                                        (1)
         (2)                                        (2)
      ☐ Continued on Attachment 3b.
   c. ☐ Defendant did not appear at trial. Defendant was properly served with notice of trial.
   d. ☐ A statement of decision (Code Civ. Proc., § 632)   ☐ was not   ☐ was   requested.

Page 1 of 2

Form Approved for Optional Use<br>Judicial Council of California<br>JUD-100 [New January 1, 2002]            **JUDGMENT**            Code of Civil Procedure, 585, 664.6<br>www.courtinfo.ca.gov

| PLAINTIFF:   MIDLAND FUNDING LLC | CASE NUMBER: |
|---|---|
| DEFENDANT:   LARRY DAVIS, | MCV0052495 |

**JUDGMENT IS ENTERED AS FOLLOWS BY:**   ☒ **THE COURT**   ☐ **THE CLERK**

4.  ☐   **Stipulated Judgment.** Judgment is entered according to the stipulation of the parties.

5.  **Parties.** Judgment is

a.  ☒  for plaintiff *(name each)*:
MIDLAND FUNDING LLC

c.  ☐  for cross-complainant *(name each)*:

and against defendant *(names)*:
LARRY DAVIS

and against cross-defendant *(name each)*:

☐ Continued on Attachment 5a.

☐ Continued on Attachment 5c.

b.  ☐  for defendant *(name each)*:

d.  ☐  for cross-defendant *(name each)*:

6.  **AMOUNT**

a.  ☒  Defendant named in item 5a above must pay plaintiff on the complaint:

c.  ☐  Cross-defendant name in item 5c above must pay cross-complainant on the cross-complaint.

| | | | |
|---|---|---|---|
| (1) | ☒ | Damages | $3,699.09 |
| (2) | ☒ | Prejudgment interest at the rate of 10 per annum | $1,116.82 |
| (3) | ☐ | Attorneys fees | $.00 |
| (4) | ☒ | Costs | $252.00 |
| (5) | ☐ | Other *(specify)*: less Credits | |
| (6) | | TOTAL | $5,067.91 |

| | | | |
|---|---|---|---|
| (1) | ☐ | Damages | |
| (2) | ☐ | Prejudgment interest at the rate of | |
| (3) | ☐ | Attorneys fees | |
| (4) | ☐ | Costs | |
| (5) | ☐ | Other *(specify)*: | |
| | | TOTAL | |

b.  ☐  Plaintiff to receive nothing from defendant named in item 5b.

☐ Defendant named in item 5b to recover cost $

☐ and attorney fees $

d.  ☐  Cross-complainant to receive nothing from cross-defendant named in item 5d.

☐ Cross-defendant named in item 5d to recover cost $

☐ and attorney fees $

7.  ☐  Other *(specify)*:

Date: 11-19-12

☐ _____Alan V. Pineschi_____
JUDICIAL OFFICER

Date:

☐ Clerk, by _____, Deputy

_____

| (SEAL) | **CLERK'S CERTIFICATE** *(OPTIONAL)* |
|---|---|
| | I certify that this is a true copy of the original judgment on file in the court. |
| | Date: |
| | Clerk, by _____, Deputy |

Page 2 of 2

JUD-100 [New January 1, 2002]                **JUDGMENT**

## PROOF OF SERVICE BY FIRST-CLASS MAIL
## NOTICE OF ENTRY OF JUDGMENT OR ORDER

*(NOTE: You cannot serve the Notice of Entry of Judgment or Order if you are a party in the action. The person who served the notice must complete this proof of service.)*

1. I am at least 18 years old and not a party to this action. I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):* 880 Apollo Street, Ste 155, El Segundo, CA 90245

2. I served a copy of the *Notice of Entry of Judgment or Order* by enclosing it in a sealed envelope with postage fully prepaid and *(check one):*
   a. ☐ deposited the sealed envelope with the United States Postal Service.
   b. ■ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Entry of Judgment or Order* was mailed:
   a. on *(date):* December 6, 2012
   b. from *(city and state):* El Segundo, California

4. The envelope was addressed and mailed as follows:
   a. Name of person served:
      LARRY DAVIS
      Street address:2345 IRONWOOD LN
      City: LINCOLN
      State and zip code:CA, 95648-0000

   c. Name of person served:

      Street address:
      City:
      State and zip code:

   b. Name of person served:

      Street address:
      City:
      State and zip code:

   d. Name of person served:

      Street address:
      City:
      State and zip code:

   ☐ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

5. Number of pages attached _____.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: December 6, 2012

| Imelda Garcia | ► | *Imelda Garcia* |
|---|---|---|
| (TYPE OR PRINT NAME OF DECLARANT) | | (SIGNATURE OF DECLARANT) |

Page 2 of 2

CIV-130 [New. January 1, 2010]                    **NOTICE OF ENTRY OF JUDGMENT OR ORDER**